## HACKETT CITY *v.* STATE.

Opinion delivered April 30, 1892.

| 56 | 133 |
| 56 | 138 |
| 56 | 133 |
| 60 | 131 |

*Construction of contradictory statute—To whom municipal fines payable.*

The rule is that where there is no way of reconciling conflicting clauses of a statute and nothing indicating which the law regards as of paramount importance, force should be given to those clauses which would make the statute in harmony with other legislation on the same subject.

Accordingly, where sec. 5860, Mansf. Dig., provides that all fines and penalties imposed by any court shall be paid into the county treasury, "provided that all fines and penalties of city courts and courts of incorporated towns, for violating city and town ordinances, *not defined as offenses against the State*, may be retained by the city or town;" and sec. 5863, *ib.*, a part of the same statute, requires the city marshal or other collecting officer, to pay to the county treasurer all fines and penalties collected by him except "such moneys as may be collected for violation of city or town ordinances;" and where other statutes on the same subject manifest the intention to confer upon the municipality all benefits arising from fines and penalties imposed for violations of municipal ordinances: *Held*, that an incorporated town is entitled to fines collected in the mayor's court for violations of town ordinances imposing penalties for acts which were also offenses against the State.

Appeal from Sebastian Circuit Court, Greenwood District.

JOHN S. LITTLE, Judge.

Suit by the State for the use of Greenwood district of Sebastian county against the town of Hackett City. The facts are stated in the opinion.

*Clendening, Read & Youmans* for appellant.

1. Section 5860, Mansf. Dig., means that when a mayor of a city of the second class, under the power con-

ferred on him by sec. 800, imposes fines for offenses *against the State*, they shall be paid into the county treasury. See sec. 5863.   54 Ark. 368.

2.   There is no evidence that the fines were collected and paid into the city treasury.

*J. B. McDonough*, Prosecuting Attorney, for appellee.

All fines for crimes against the State belong to the county, and the legislature cannot divert them.   Mansf. Dig. secs. 744, 748, 818, 875, 927, 5860 ; Acts 1871, p. 82 ; Acts 1833, p. 290 ; Art. 7, sec. 23, Const. 1874.

COCKRILL, C. J.   The appellant is an incorporated town.   Fines were collected through the mayor's court for violation of town ordinances imposing penalties for acts which were offenses against the State.   In a suit against the town for money had and received, the circuit court held that the county was entitled to such fines, and gave judgment accordingly.   The single question is whether that conclusion is justified by the statute.

The section upon which the county bases its argument for recovery is as follows :   "All fines, penalties and forfeitures imposed by any court or board of officers whatsoever shall be paid into the county treasury for county purposes.   *Provided*, that all fines and penalties of city courts and courts of incorporated towns, for violating city or town ordinances *not defined as offenses against the State*, may be retained by the city or town for the maintenance of the courts of such city or town." Mansf. Dig. sec. 5860.

The construction of the exception to this section gives rise to this controversy, and the doubt arises upon the phrase, " not defined as offenses against the State."

A subsequent section of the same act requires the town marshal, or other collecting officer of the town, to pay to the county treasurer all fines collected by him, with the following exception, viz :   "*Provided*, that this

shall not require the city marshal to turn over such moneys as may be collected for violation of city or town ordinances." Mansf. Dig. sec. 5863. Both of these exceptions were in the Revenue Act of 1873, and were re-enacted in the Revenue Act of 1883.

Provisions of other statutes are in line with the purpose of the exception last quoted. In relation to cities (which are included in the first exception quoted, as well as incorporated towns) a clause of another statute required the police judge to pay into the city treasury all fines, with no limitation save that they were collected in "city cases." Mansf. Dig. sec. 818.

A "city case" in that connection can only mean a prosecution for the violation of a city ordinance, as distinguished from a State case or a prosecution for violating a statute or other State law. The provision comes from the incorporation act of 1869 (Gantt's Digest, sec. 3286), and was re-enacted in the like act of 1875 ; * and the act of 1885† in reference to cities of the first class, and the act of March 30, 1891,‡ which relates to towns and cities, contain similar provisions.

There is a general enactment also that where a fine imposed for the violation of a municipal ordinance is not paid, the prisoner may be forced to work it out for the benefit of the municipality. Mans. Dig. secs. 748 and 927. This, too, is a re-enactment of a former statute.

These provisions show the purpose of conferring upon the municipality all the benefits arising from the penalties imposed for violating municipal ordinances. Unless controlled by the section first quoted, this intention is clear and unmistakable. What then is the meaning of that section?

It must be remembered that an act which is an offense against the State may be made an offense against

---

*Acts 1874–5, p. 25.    †Acts 1885, p. 99.    ‡Acts 1891, p. 97.

the municipality by ordinance, that the same act may be punished by either jurisdiction, and that the mayor of the town is invested with jurisdiction to punish for the State as well as for the municipal offense. Mans. Dig. 797, 800. Until the act of March 30th, 1891, each jurisdiction was free to punish, and collect a fine, for the same act. *Van Buren* v. *Wells*, 53 Ark. 368.

Was it intended by section 5860 that both fines should be paid into the county treasury?

It was the clear intention of that section to give to the county all fines arising from the enforcement of the State law by the mayor in his capacity of justice of the peace. It is equally clear, if we look alone to the other provisions referred to, that it was the intention to give to towns and cities all fines arising from the violation of municipal ordinances.

What limitation upon their meaning is found in the clause "not defined as offenses against the State?" Construed according to its grammatical connection, it makes a municipal ordinance the thing "defined as an offense against the State." It cannot be construed otherwise without supplying an ellipsis to make out the sense. That of course the court would supply in order to carry out the evident intent of the legislature. But if the meaning wrought out of the clause would render it inconsistent with the plainly expressed meaning of another section of the same act, which is in harmony with other provisions of statutes *in pari materia*, the court can only leave it as it is found, without undertaking to declare its meaning.

If the literal and true meaning of the section is that all fines go to the county except such as arise from the violation of municipal ordinances prescribing punishment for acts which are not offenses against the State, it would yield to the subsequent clause of the same act which exempts town officers from paying to the county

any moneys arising from fines collected for the violation of town ordinances, because the other acts upon the same subject show that the latter provision is more in consonance with the legislative intent. The rule in such cases is well stated in the syllabus of the case of the *Railway* v. *Commissioners of Wyandotte County*, 16 Kas. 587, an opinion by Judge Brewer, as follows : "Where there is no way of reconciling conflicting clauses of a statute, and nothing indicating which the legislature regarded as of paramount importance, force should be given to those clauses which would make the statute in harmony with the other legislation on the same subject." Endlich, Stats. sec. 183. That construction is in accord too with the general practice of the counties, towns and cities under the law in question.

The judgment should be reversed, and the complaint will be dismissed here. The appellant should recover all its costs in both courts.

It is so ordered.