## Potosi Brewing Company, Appellee, v. Metropolitan Distributing Company, Inc., Appellant.

### Gen. No. 45,129.

Opinion filed December 4, 1950. Released for publication December 19, 1950.

POPE & BALLARD, PARKER L. JACOBSON, both of Chicago, JAY E. DARLINGTON, of Hammond, and SAMUEL RUFF, of East Chicago, for appellant.

RAPPAPORT, CLORFENE & RAPPAPORT, of Chicago, for appellee; ODE L. RANKIN, of Chicago, of counsel.

MR. PRESIDING JUSTICE NIEMEYER delivered the opinion of the court.

Defendant appeals from a judgment for $5,625.45 entered on directed verdicts for plaintiff on its claim

for beer sold and delivered August 2, 10 and 18, 1948, and on defendant's counterclaim for damages resulting from the refusal of plaintiff on August 20 and 30, 1948, to make further sales and delivery of beer to defendant as the exclusive distributor of plaintiff's beer in the Chicago area.

The case turns on the effect to be given two acts passed by the legislature on the same day amending section 4, article 6 of An Act relating to alcoholic liquors. (Ill. Rev. Stat. 1947, ch. 43, par. 122 [Jones Ill. Stats. Ann. 68.029].) Prior to these amendatory acts it was unlawful under section 4 for a retail licensee to accept or receive credit (other than merchandising credit in the ordinary course of business for a period not to exceed 90 days), or for any manufacturer or distributor or importing distributor to extend credit (except such merchandising credit) directly or indirectly to any such licensee. Each amendatory act reduced the merchandising credit to a period not to exceed 30 days. As thus changed, the original section 4 was incorporated *verbatim* in each act. H. B. No. 816, appearing first in the Session laws of 1947 on page 15, further amended the section by adding provisos relating to the payment of the purchase price of beer sold to a retail licensee and to a distributor and importing distributor. In respect to sales to the latter the amendment provided that the purchase price "be paid by such importing distributor or distributor in cash on or before the fifteenth day (Sundays and holidays excepted) after delivery of such beer to such purchaser." To these provisos was added a penalty clause, reading: "No right of action shall exist for the collection of any claim based upon credit extended to a distributor, importing distributor or retail licensee contrary to the provisions of this section." S. B. No. 629, appearing on page 19 of the Session laws, added to the original section 4, as amended, by reducing merchandising cred-

it to a period not to exceed 30 days, a provision relating to extending credit or furnishing or supplying alcoholic liquors to a retail licensee delinquent beyond the 30-day period, and a paragraph preserving the validity of article 6 "if any part or provision of this article or the application thereof to any person or circumstances shall be adjudged invalid by a court of competent jurisdiction."

Defendant contends that the two acts are inconsistent and that S. B. No. 629, being the last expression of the legislature, superseded H. B. No. 816 and removed from section 4 and the statute the 15-day provision for payment of the purchase price of beer sold to a distributor. It cites *People ex rel. Schlaeger v. Mattes*, 396 Ill. 348, where the court had under consideration two acts passed on the same day amending section 25 of the Counties Act and purporting to increase the 1942 corporate tax limit applicable to Cook county in different amounts and in different ways. The court said:

"The two amendments thus being in conflict are so inconsistent that both cannot operate and be given effect. This court has consistently held that if the two amendments cannot both be given effect, the later amendment in point of time controls. *Buchsbaum & Co. v. Gordon*, 389 Ill. 493; *People ex rel. Hines v. Baltimore and Ohio Southwestern Railroad Co.* 366 Ill. 318."

In the *Buchsbaum* case, *supra,* two amendments to section 18 of the Unemployment Compensation Act, passed on the same day, were involved. The court said (p. 504):

"The rule that where two conflicting enactments are passed at the same session, the latest enactment in point of time will prevail, as well as all other rules of construction dealing with repeals by implication,

133

are mere canons of construction. Such canons are only aids to the ascertainment of the legislative intent and must yield to such intent if the same be otherwise. They should never be followed to the extent of defeating or overriding the definite intent of the legislature. *Illinois Central Railroad Co. v. Franklin County,* 387 Ill. 301.''

After referring to the fact that the Journals of the two houses showed that the two acts were considered together and passed after mature consideration, the court held that it must be assumed that it was the intention of the legislature that both amendments should be operative and given effect. The court said (p. 505):

''The rule is that when two statutes pertaining to the same subject matter are passed at the same session of the legislature, they will both be upheld unless they are so antagonistic that both cannot operate. *People ex rel. Gill v. Devine Realty Trust,* 366 Ill. 418; *People ex rel. Reynolds v. Chicago, Burlington and Quincy Railroad Co.* 295 Ill. 191; *Hoyne v. Danisch,* 264 Ill. 467.''

██ The trial court in directing verdicts for plaintiff held that the two amendments to section 4 were not so inconsistent and irreconcilable as to be unenforcible, and that both were in effect. As in the *Buchsbaum* case, *supra,* it must be assumed that it was the intention of the legislature that both amendments should be operative and given effect.

The succeeding legislature, in again amending section 4 (Ill. Rev. Stat. 1949, ch. 43, par. 122 [Jones Ill. Stats. Ann. 68.029]), retained the original section, with the merchandising credit reduced to a period not to exceed 30 days, and incorporated *verbatim* the added provisions of the amendatory Acts of 1947, omitting only a lapsed provision of H. B. No. 816 requiring pay-

ment within a period of 90 days of the effective date of the act for alcoholic liquors purchased by retail licensees prior to such date. This was done by inserting the added provisions of H. B. No. 816 after the provisions of S. B. No. 629 relating to the extension of credit, etc., to retail licensees delinquent beyond the 30-day period, and before the final paragraph preserving the validity of the remainder of article 6 in the event any part or provision should be adjudged invalid. The result is a clear, workable enactment, without inconsistency or repugnancy in any part.

Defendant's claim of a repugnancy in the 1947 enactments relating to credit to retail licensees may be disregarded because these provisions are not involved in this action. If these provisions are so antagonistic that both cannot operate, they would not, under the last paragraph of S. B. No. 629, which defendant contends is controlling, invalidate the provisions of H. B. No. 816 fixing a 15-day limitation of credit (Sundays and holidays excepted) to a distributor and denying the collection of claims based upon credit extended contrary to the provisions of the section. These latter provisions are not antagonistic to anything in S. B. No. 629, but are in addition to the provisions of that enactment. They relate to matters not included in S. B. No. 629. Both can operate. *People v. Lloyd,* 304 Ill. 23.

The provisions of H. B. No. 816 requiring the payment of the purchase price of beer sold to a distributor "in cash on or before the fifteenth day (Sundays and holidays excepted) after delivery of such beer to such purchaser," requires payment on or before 15 days, exclusive of Sundays and holidays, or a minimum of 17 days in the absence of an intervening holiday after the delivery of the beer. See *People ex rel. Akin v. Rose,* 167 Ill. 147, construing the phrase

135

"within ten days (Sundays excepted)" in section 16 of article 5 of the Illinois constitution. Plaintiff's suit is for the purchase price of beer sold and delivered August 2, 10 and 18, 1948. The last delivery was made before the expiration of the lawful credit for the delivery of August 2nd, and judgment was properly entered for plaintiff. On August 20 and 30, 1948, when plaintiff refused further sales and deliveries to defendant, the latter was delinquent in its payments under the statute and not entitled to recover on its counterclaim.

The judgment is affirmed.

*Affirmed.*

Tuohy and Feinberg, JJ., concur.