The Honorable Jim Hudson Prosecuting Attorney Eighth Judicial District Miller County Courthouse Texarkana, Arkansas 75502
Dear Mr. Hudson:
This is in response to your request for an opinion concerning the fee chargeable by the circuit clerk to persons filing foreign judgments. Specifically, you ask for a clarification of Opinion No. 89-232, (copy enclosed) which interpreted the fee chargeable under Act 501 of 1989.
Act 501 adopted the "Revised Uniform Enforcement of Foreign Judgments Act" and provides that the fee for filing a foreign judgment shall be the same as the fee that would be paid for the filing of a civil action. Opinion No. 89-232 concerned whether the "fee that would be paid for the filing of a civil action" included the entire fee that would be paid, or just the thirty dollar base fee. The opinion concludes that the filing fee under Act 501 is the same fee that would be paid for filing a civil action, and that this language requires that the entire fee that would be paid in a civil action, be paid upon the filing of a foreign judgment. You ask for a clarification of this opinion in light of the fact that Act 534 of 1989 also sets a fee for the filing of foreign judgments.
Act 534 of 1989 amends A.C.A. 21-6-306 (Act No. 55 of 1945), to provide in pertinent part as follows:
 The uniform fees to be charged by the recorders in the various counties in the state shall be as follows:
 (1) For recording deeds, deeds of trust, mortgages, release deeds, powers of attorney, and other recordable instruments, except as otherwise prescribed in this section, four dollars ($4.00) for one (1) page, one side only, and two dollars ($2.00) for each additional page.
 (2) For filing or recording all instruments other than those prescribed in subdivision (1) of this section which are normally placed on record in the recorder's office:
* * *
E. Foreign judgments . . . . . . . . . . $6.00
The statute above sets the fees chargeable by recorders. The circuit clerk is the recorder. SEE A.C.A. 14-14-603(7), and DURDEN v. SEBASTIAN CO., 73 Ark. 305, 83 S.W. 1048 (1904), (stating that the office of circuit clerk and recorder is "but one".) There is thus an apparent conflict between Acts 501 and 534 of 1989 as regards the fee chargeable for the filing of a foreign judgment. Act 501, which adopts the new "Revised Uniform Enforcement of Foreign Judgment Act", sets the fee as the same fee that would be paid for the filing of a civil action. Act 534, which amends the 1945 "recorder's" act, increases the existing recorder's fee to six dollars. The question for resolution is which one of these fees is the applicable fee to be charged by the circuit clerk upon the filing of a foreign judgment.
Ordinarily, when faced with two conflicting acts passed at the same session of the legislature, a court must construe them together, try to reconcile them, and if possible, give effect to both. EX PARTE TRAPNALL, 6 Ark. 9, 1 Eng. 9, Am. Dec. 676 (1845), CORDELL v. KENT, 174 Ark. 503, 295 S.W. 404 (1927); ROACHELL v. GATES, 185 Ark. 350, 47 S.W.2d 35 (1932). If, however, the acts cannot be reconciled, the one enacted later must control, and the former yield. ROBERTS v. TICE, 198 Ark. 397, 129 S.W.2d 258
(1939). It has also been held, however, that where acts passed at the same session contain conflicting clauses, the whole record of legislation will be examined to ascertain the legislative intent, and such intent, if ascertained, will be given effect, regardless of priority of enactment. HORN v. WHITE, 225 Ark. 540, 284 S.W.2d 122
(1955).
It is, in my opinion, impossible to reconcile these two provisions. Both set the fee for the filing of a foreign judgment with the circuit clerk. The only conceivable way to construe them together is to conclude that the legislature intended the imposition of both fees. It is my opinion that this conclusion would not represent the legislative intent. Therefore, we must apply the general rule that the last provision enacted governs, unless we can discern a contrary legislative intent.
Act 501, (setting the fee as that which would be paid for the filing of a civil action) was signed into law by the Governor on March 13, 1989, and became effective upon that signature by virtue of its emergency clause. Act 534 of 1989, setting the fee at six dollars, was signed into law by the Governor on March 14, 1989 and became effective on that date by virtue of its emergency clause. Additionally, at the 3rd Extraordinary Session of 1989, the General Assembly passed Senate Bill 70, (Act 74 of 1989 (3rd Ex. Sess.)), which was signed by the Governor on November 16, 1989, becoming effective on that date by virtue of its emergency clause. This act amends Act 501, and restates Section 5 of that act which sets the fee at the amount that would be paid for the filing of a civil action. Accordingly, Section 5 of Act 504, as amended by Act 74 of the Third Extraordinary Session of 1989, is the last legislative pronouncement on the topic. We can find no satisfying evidence of a legislative intent to have one fee prevail over the other. The general rule is that when two statutes conflict, the latter in time controls. STATE v. LAWRENCE, 246 Ark. 644,439 S.W.2d 818 (1969). We must therefore conclude that the higher fee is the current fee set by law.
Given the above, it is my opinion, that the fee in Arkansas for filing a foreign judgment with the circuit clerk is the same fee that would be paid for the filing of a civil action. Absent a legislative clarification, we are confined to this opinion.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Attachment: Opinion No. 89-232