The Honorable Veo Easley State Representative P.O. Box 308 Sheridan, AR 72150
Dear Representative Easley:
This is in response to your request for an opinion on the following questions:
 1. Is the sales tax to be charged the rate applicable in the area where C S Lumber Company is located, or is it the rate where the supplier (seller) is located?
 2. Is there a difference in product sold in determining the answer to Question 1?
Correspondence attached to your request indicates that these questions have arisen in connection with a lumber company located in a city that does not levy a local sales tax. Some of the company's suppliers are, however, located in areas that charge a local tax.
It is my opinion, in response to your first question, that the applicable rate of tax to be charged is the rate where the seller (supplier) is located. Ark. Code Ann. § 26-75-216(a)(1) (Cum. Supp. 1991) states in part that "[a] city sales tax levied pursuant to the authority granted in this subchapter or in §26-75-301 et seq. shall be applicable to sales of items and services sold by a business located in a levying city to a resident or nonresident of the levying city. . . ."
As a general matter, it appears that the tax where the seller is located will be due, following the enactment of Act 536 of 1991, regardless of whether the sale is made to a nonresident for delivery outside the taxing jurisdiction.[1] The emergency clause in Act 536 clearly reflects legislative intent to eliminate the general exception concerning sales to nonresidents for delivery to a jurisdiction that does not impose a city or county sales tax. See Acts 1991, No. 536, § 6.[2]
An exception will apply, however, in the case of 1)the sale of motor vehicles to nonresidents of the levying city; 2) the sale to a nonresident of items that are "primarily sold through meter and by route delivery" where delivery is to be made to an address in a city or county that does not impose a city or county sales tax, if the sale is documented by a sales invoice; and 3) the sale to a nonresident of the following items, where the invoice indicates that the sale was made for delivery to, and delivery was actually made to, an address in a city or county that does not impose a sales tax: aviation fuel, distillate special fuel used for agricultural purposes, agricultural machinery, parts, repairs and supplies therefor, water wells and water well supplies, agricultural feed, seed and fertilizer, and agricultural chemicals. See A.C.A. § 26-75-216(a)(1) and (c) (Cum. Supp. 1991). The sales tax is not applicable in the above instances. Nor shall the tax be applicable to sales by a business located in a city that levies no city sales tax, regardless of the purchaser's place of residence. A.C.A. § 26-75-216(b) (Cum. Supp. 1991).
With regard to your second question, reference must be made to the above exceptions, as set forth in A.C.A. § 26-75-216(a)(1) and (c). There is a difference as to the listed items, if the above conditions are present, i.e., delivery to a city or county that does not impose a city or county sales tax, as documented by the sales invoice.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] The exceptions will be noted herein.
[2] Although the former exception, found at A.C.A. §§ 26-75-216
(1987) (city sales tax) and 26-74-212 (1987) (county sales tax), appears in Act 765 of 1991, which was approved after Act 536, it is my opinion that Act 536 is the controlling law on this point. It is well established that statutes on the same general subject matter must be reconciled and construed together, if possible, particularly if two acts on the same subject were enacted during the same legislative session. Sargent v. Cole, 269 Ark. 121,598 S.W.2d 749 (1980). It has also been held that where acts passed at the same session contain conflicting clauses, the whole record of the legislation must be examined to ascertain legislative intent. Horn v. White, 225 Ark. 540, 284 S.W.2d 122
(1955). Such intent, if ascertained, will be given effect regardless of priority of enactment. Id. In this instance, it is clear that the legislative intent under Act 765 was to amend current law to remove the one percent (1%) levy restriction. Cities and counties may now, following passage of Act 765, levy a sales and use tax of one-fourth percent, one-half of one percent, three-fourths of one percent, or one percent. See A.C.A. §§26-74-207 (Cum. Supp. 1991) and 26-75-207 (Cum. Supp. 1991). Act 536 of 1991 addresses, specifically, the applicability of the tax, and will, in my opinion, be controlling in that respect.