The Honorable Sharon Priest Secretary of State State Capitol Little Rock, AR 72201
Dear Ms. Priest:
This is in response to your request for an opinion regarding Acts 901, 946, and 963 of 1995. Your specific questions concerning these acts are as follows:
 1. Are the precinct voter registration lists to be returned to the appropriate party county committee with the change to state funded primaries?
 2. Will election clerks indicate on the primary precinct voter registration list the party of the voter? A.C.A. § 7-7-308?
 3. Will the county party committee continue to receive these lists if they are not to be returned to the committee?
It is my opinion that the answer to your first question is "no." Act 901 of 1995 relates, specifically, to the creation of a state supported political primary system. See Acts 1995, No. 901, § 21 (Emergency Clause). There is no provision in Act 901 for the delivery or return of precinct voter registration lists to the party county committees. As you note, Section 11 of Act 901 does not require that the lists be returned to the county committees. Section 11 amended A.C.A. § 7-7-308(c)(3) (Repl. 1993) to remove the requirement that "[t]he precinct voter registration lists . . . shall be returned to the appropriate county committees." Other amendments contained in Act 901 further reflect legislative intent to remove any requirement to this effect. See Acts 1995, No. 901, § 12 (amending A.C.A. § 7-7-309), § 13 (amending A.C.A. §7-7-310), § 15 (amending A.C.A. § 7-7-312) and § 17 (repealing, interalia, A.C.A. § 7-7-504).
The absence of a requirement under Act 901 for returning the voter registration lists to the party committees is consistent with the shift in responsibility for conducting primaries from the political parties to the state and county boards of election commissioners. See Acts 1995, No. 901, § 2 (amending A.C.A. § 7-7-201 to provide that within each county, primary elections "shall be conducted by the county board of election commissioners, under the direction of the state board of election commissioners.") Under Act 901 the county board of election commissioners, rather than the party county committee, canvasses the returns and examines the ballots when demanded. Acts 1995, No. 901, § 12 (amending A.C.A. § 7-7-309). Thus, the county board, instead of the county committee, is required to file the "`lists of voters' forms, precinct registration lists, and all . . . other documents" with the county clerk. Acts 1995, No. 901, § 13 (amending A.C.A. § 7-7-310).
You note in your request that Act 946 and 963 of 1995, which are identical,[1] contain a requirement that the voter registration lists be returned to the county committees. See Acts 1995, No. 946, § 10 and No. 963, § 10 (amending A.C.A. § 7-7-308 (Repl. 1993)). The requirement appears in an amended subsection of A.C.A. § 7-7-308 designated as subsection "g." With one slight change, this subsection is the same as former A.C.A. § 7-7-308(c)(3) (Repl. 1993).[2] As noted above, §7-7-308(c)(3) (Repl. 1993) was amended by Act 901, § 11, to remove the requirement that the precinct voter registration lists be returned to the party county committees. These amendments in Acts 901, 946 and 963 cannot, in my opinion, be reconciled. And while Acts 946 and 963 are the later acts (both were approved June 6, 1995, and Act 901 was approved June 4, 1995), it is my opinion that Act 901 will be controlling to the extent of any irreconcilable conflicts. Under rules of statutory construction, where acts passed at the same legislative session contain conflicting clauses, the whole record of legislation will be examined to ascertain legislative intent, and such intent will be given effect regardless of priority of enactment. See Horn v. White, 225 Ark. 540,284 S.W.2d 122 (1955). Clearly, the primary rule of statutory construction is to ascertain legislative intent. Id.
In this regard, it seems clear that the intent of the legislature under Act 901 was to provide for state-supported primaries conducted by the county board of election commissioners under the direction of the state board. Acts 946 and 963 do not purport to amend Act 901, but rather address various election law provisions "To Update Language and Election Administration for Efficient Compliance with the National Voter Registration Act of 1993. . . ." See Acts 1995, Nos. 946 and 963 (titles). Those provisions in Act 946 and 963 pertaining to primaries that are in conflict with Act 901 must, in my opinion, yield to the latter act. To conclude otherwise would nullify critical elements of the state-supported primary system, contrary to legislative intent.
With regard to your second question concerning identification of the voter's party, it is my opinion that this matter is not clearly addressed following passage of Acts 901, 946 and 963 of 1995. Although A.C.A. §7-7-308, as amended by Acts 946 and 963, contains a provision directing "the election clerk of the party primary which the voter designates" to mark the voter's name on the voter registration list (see Acts 1995, Nos. 946 and 963, § 10), application of this provision is unclear in light of Act 901 (state-supported primaries). The provision in Acts 946 and 963 is clearly premised upon the primaries being conducted by the respective county committees. This explains the language, noted above, regarding "the election clerk of the party primary which the voterdesignates. . . ." (Emphasis added.) This language is not easily reconciled with Act 901, which is premised upon the "joint conduct of the primary elections of all political parties." Acts 1995, No. 901, § 15 (emphasis added; amending A.C.A. § 7-7-312).
While I therefore cannot conclude, in response to your second question, that the election clerks must indicate the voter's party pursuant to §7-7-308 following passage of Act 901, I believe this matter may fall within the state board of election commissioners' rule-making authority under A.C.A. § 7-7-201(b), as amended by Section 2 of Act 901. Under subsection (b)(2) of § 7-7-201, as amended, the state board may "adopt rules for the administration of primary elections consistent with the provisions of this chapter."
It is my opinion, in response to your third question, that the county party committees' access to the precinct voter registration lists will be pursuant to general provisions governing distribution of the lists. Arkansas Code Annotated §§ 7-5-105 and 7-5-109, as amended by Act 924 of 1995, state:
 (a) The county clerks of the several counties of the state may reproduce the registered voter list maintained by the county clerk in any format that the office of the county clerk is capable of providing.
 (b) The county clerks shall be entitled to a fee in connection with the preparation of any registered voter list that shall reimburse the county clerk for reproduction expenses. The value of office equipment previously secured for the office of the county clerk shall not be considered when determining the amount of this fee.
Acts 1995, No. 924, § 1.
 (a) Every county clerk who maintains on computer the list of registered voters within the county shall on request provide the list on computer disk or tape. The list shall include at least the name, address and precinct number of the voters.
 (b)(1) The fee for a list, on computer disk or tape, of one (1) to five thousand (5,000) registered voters shall be ten dollars ($10.00).
 (2) The fee for a list, on computer disk or tape, of five thousand and one (5,001) to twenty-five thousand (25,000) registered voters shall be twenty-five dollars ($25.00).
 (3) The fee for a list, on computer disk or tape, of more than twenty-five thousand registered voters shall be fifty dollars ($50.00).
Acts 1995, No. 924, § 2.
See also Section 11 of Act 964 of 1995 (amending Ark. Const. Amend. 51, § 14 to provide for the distribution of precinct voter registration lists pursuant to A.C.A. §§ 7-5-105 and -109).
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh
[1] Act 946 was Senate Bill 447 and Act 963 was House Bill 1604.
[2] Acts 946 and 963 add the "`list of voters' forms" to the subsection. Acts 1995, Nos. 946 and 963, § 10.