The Honorable Horace Hardwick State Representative 4 Saddeleworth Place Bentonville, AR 72712
Dear Representative Hardwick:
I am writing in response to your request for an opinion on the following:
 Does Act 971 of the 2005 legislative session apply to all college employees or only to classified, non-faculty employees?
RESPONSE
In my opinion, Act 971 of 2005 was repealed by implication upon the enactment of Act 1288 of 2005. In the wake of both acts, I believe only classified employees of state-supported institutions of higher learning, including two-year institutions, are entitled to the compensation for unused sick leave set forth in Arkansas Code title 21, chapter 4, subchapter 5. I do not believe any state-supported, two-year institution has any discretion to deny this compensation to classified employees, nor do I believe that the applicable subchapter authorizes an institution to offer this compensation to non-classified employees.
Act 971 of 2005 provides in its entirety:
 SECTION 1. Arkansas Code Title 21, Chapter 4, Subchapter 5 is amended to add an additional section to read as follows:
 21-4-505. Employees of two-year colleges.
 (a) Two-year colleges may, at the discretion of the two-year college, provide compensation for unused sick leave as allowed under this subchapter to employees of the two-year college.[1]
 (b) Compensation for accumulated unused sick leave under this section shall not be used by the Arkansas Teacher Retirement System in the calculation of final average salary under § 24-7-202(14).
This act was passed by the General Assembly in the regular session of 2005 and signed by the Governor on March 18, 2005.
Roughly a week later, the General Assembly passed a related provision in the same subchapter pursuant to Act 1288 of 2005, amending A.C.A. §21-4-503, which is captioned "Applicability of Subchapter." The amendment provides as follows:
 (a) The provisions of this subchapter apply to employees of the Arkansas State Game and Fish Commission, the Arkansas State Highway and Transportation Department, classified employees of state-supported institutions of higher learning, and all agencies of this state whether in the executive, legislative, or judicial branch of government except that this subchapter does not apply to state supported institutions of higher learning.
* * *
 (c) Compensation for accumulated unused sick leave under the provisions of this subchapter shall not be used by the Arkansas Teacher Retirement System in the calculation of final average salary pursuant to § 14-7-202(14).
Act 1288 of 2005, § 1. This act was signed by the Governor on March 29, 2005.
On its face, Act 1288 makes the mandatory provisions of the subchapter codified at A.C.A. §§ 21-4-501 through -505 applicable only to classified
employees of state-supported institutes of higher learning.[2] Given that the employees of two-year institutions of higher education are entitled to compensation for unused sick leave only "as allowed under this subchapter," A.C.A. § 21-4-505(a), two-year colleges do not have discretion to provide any compensation under the subchapter to non-classified employees. Moreover, given that providing such compensation to classified employees is mandatory under A.C.A. §21-4-501, two-year colleges likewise lack any discretion to deny compensation under the subchapter to classified employees: simply stated, all state-supported institutions of higher learning must provide such compensation to classified employees. As a practical matter, then, if Act 1288 is given full effect, it will have repealed Act 971 by implication.
In addressing the tension between these two acts, I am guided by various principles of statutory construction. First, the cardinal rule is to give full effect to the will of the legislature. Flowers v. Norris,347 Ark. 760, 765, 68 S.W.3d 289, 292 (2002) ("It is . . . axiomatic that in statutory interpretation matters, we are first and foremost concerned with ascertaining the intent of the General Assembly.") (citing State v.Havens, 337 Ark. 161, 987 S.W.2d 686 (1999)). A statute is construed just as it reads, giving the words their ordinary and usually accepted meaning in common language. Edwards v. State, 347 Ark. 364, 64 S.W.3d 706
(2002). Nothing is taken as intended that is not clearly expressed. Stateex rel. Sargent v. Lewis, 335 Ark. 188, 979 S.W.2d 894 (1998).
In addition, legislative enactments that are alleged to be in conflict must be reconciled, read together in a harmonious manner, and each given effect, if possible. Gritts v. State, 315 Ark. 1, 864 S.W.2d 859 (1993);City of Fort Smith v. Tate, 311 Ark. 405, 844 S.W.2d 356 (1993). Repeal by implication is not favored and is "never allowed except where there is such an invincible repugnancy between the former and later provisions that both cannot stand together." Donoho v. Donoho, 318 Ark. 637,887 S.W.2d 290 (1994). This is especially so in the case of acts passed during the same session of the General Assembly. Uilkie v. State,309 Ark. 48, 827 S.W.2d 131(1992); Love v. Hill, 297 Ark. 96, 759 S.W.2d 550
(1988). When two legislative enactments are in such irreconcilable conflict that both cannot stand together, the conflicting provisions of one are repealed by implication by the other. Donoho, supra; Ward SchoolBus Mfg., Inc. v. Fowler, 261 Ark. 100, 547 S.W.2d 394 (1977).
Moreover, a general statute normally does not apply where there is a specific statute governing a particular subject matter. Donoho, supra.
Ordinarily, the provisions of an act adopted later in time repeal the conflicting provisions of an earlier act. Daniels v. City of Fort Smith,268 Ark. 157, 594 S.W.2d 238 (1980). This rule also applies to conflicting acts passed in the same legislative session, Sargent v.Cole, 269 Ark. 121, 598 S.W.2d 749 (1980), although, in such a case, the ordinary presumption that the legislature did not intend a repeal by implication is strengthened. Merchants' Transfer Warehouse Co. v.Gates, 180 Ark. 96, 21 S.W.2d 406 (1929). With respect to such acts, A.C.A. § 1-2-207(b) provides:
 When more than one (1) act concerning the same subject matter is enacted by the General Assembly during the same session, whether or not specifically amending the same sections of the Arkansas Code or an uncodified act, all of the enactments shall be given effect except to the extent of irreconcilable conflicts in which case the conflicting provision of the last enactment shall prevail. The last enactment is the one which the Governor signed last.
The presumption, then, is that two acts passed during the same session that address the same subject were actuated by the same policy and that both were intended to be given effect. See Sutherland on StatutoryConstruction, § 23.17 (5th Ed., 1993); Adams v. Arthur,969 S.W.2d 598, 333 Ark. 53 (1998); Horn v. White, 225 Ark. 540,284 S.W.2d 122 (1955). However, the Arkansas Supreme Court has held that this rule must yield if doing so is necessary in order to effectuate legislative intent. Horn, supra. Moreover, the court has held that if two acts that are passed at the same legislative session contain conflicting clauses, the whole record of legislation will be examined to ascertain the legislative intent, and such intent, if ascertained, will be given effect, regardless of priority of enactment. Id.
As previously noted, I believe the pertinent statutes essentially conflict in that the former purports to accord two-year colleges a discretion that the latter, when read in conjunction with A.C.A. §21-4-501(a), which mandates the payment of compensation to eligible employees, clearly denies. I am unable to reconcile what I consider the conflict in these two statutes. Subsection 21-4-505(a) of the Code, enacted pursuant to Act 971, in effect declares the subchapter generally applicable "to employees of the two-year college." The term "employee" is unambiguous in denoting the following:
 A person who works in the service of another person (the employer) under an express or implied contract of hire, under which the employer has the right to control the details of work performance.
Black's Law Dictionary (8th ed. 1999). This definition would clearly apply to all employees of two-year colleges, regardless of whether they were classified or non-classified. By contrast, A.C.A. § 21-4-503(a), as amended by Act 1288, just as clearly directs that the statute authorizing the compensation at issue, A.C.A. § 21-4-501(a), applies only to classified employees of state-sponsored institutions of higher learning — a directive that will apply to any state-supported two-year college regardless of what the institution's preferences on the issue might be.
Under the circumstances, I must apply the principles set forth above in order to determine which statute should take precedence. In my opinion, Act 971 represented an ad hoc effort to address the issue of compensation for unused sick leave in two-year colleges. The act expanded the scope of the subchapter without itself amending A.C.A. § 21-4-503, which by all appearances is a self-contained statute defining to whom the subchapter applies. By contrast, Act 1288 marks a subsequent amendment of A.C.A. §21-4-503 itself, reflecting a clear legislative intention exhaustively to define the applicability of the subchapter. This statute expressly extends the benefits recited in A.C.A. § 21-4-501 only to classified
employees of state-sponsored institutions of higher learning. This paramount intention is evident in the act's title: "AN ACT TO ALLOW CLASSIFIED EMPLOYEES OF STATE-SUPPORTED INSTITUTIONS OF HIGHER LEARNING TO RECEIVE COMPENSATION FOR UNUSED SICK LEAVE AT RETIREMENT; AND FOR OTHER PURPOSES." As noted above, the act does so in a way that forecloses applying the subchapter to any other employees of state-sponsored institutions of higher learning.[3]
Given that Act 1288 was approved after Act 971, I believe a reviewing court would conclude that the provisions of Act 1288 supersede any contrary provisions in Act 971. I recognize the countervailing argument that Act 971, because it specifically addresses two-year institutions of higher learning, should take precedence over Act 1288, which more generally addresses all publicly supported institutions of higher learning. However, I do not find this reasoning persuasive. Nothing even remotely suggests that the legislature, in enacting Act 1288, intendedsub silentio to leave unaffected a statute that directly contradicts the newly amended statute's categorical statement regarding who will be statutorily entitled to compensation for unused sick leave in publicly supported institutions of higher learning. The statute clearly states that all classified employees in qualifying institutions will be subject to the compensation detailed in A.C.A. § 21-4-501. It simply does not allow of the possibility that some classified employees — namely, those that a two-year institution might elect to exclude from coverage — can fall outside the unqualified category defined in the statute.
Although a repeal by implication is not lightly to be imputed to the General Assembly with respect to acts passed in the same legislative session, I nevertheless believe such a repeal has occurred in this case. Specifically in response to your question, then, I believe Act 971 of 2005 applies to no employees of two-year colleges, since the legislation was superseded by Act 1288 of 2005, which provides that the compensation set forth at A.C.A. § 21-4-501 must be made available only to classified employees of state-sponsored institutions of higher learning, including two-year colleges.
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB/JHD:cyh
[1] Section 21-4-501 of the Arkansas Code provides for the payment of unused sick leave upon retirement or death based on a sliding scale depending on the number of sick leave days accumulated.
[2] My conclusion that these provisions are mandatory is based upon A.C.A. § 21-4-501(a), which provides that any eligible employee "shall receive compensation for accumulated unused sick leave" as set forth in the subchapter.
[3] One effect of this act is to reconcile subchapter 5 of title 21, chapter 4 of the Code with subchapter 2, the Uniform Attendance and Leave Policy Act (Repl. 2004 Supp. 2005), which likewise applies only to classified employees of state-sponsored institutions of higher learning.See A.C.A. § 21-4-203(11)(E) (excluding from the covered category of "state agencies" "[a]ll administrative, academic, or other nonclassified employees of the state-supported institutions of higher learning").