The Honorable Gilbert Baker State Senator #17 Cooper Lane Conway, AR 72034-7935
Dear Senator Baker:
I am writing in response to your request for an opinion on behalf of the City Attorney of Greenbrier as follows:
 1. Did Act 1994 of the Regular Session of 2005 reverse the changes made by Act 1535 of the Regular Session of 2005 with regard to Arkansas Code Section 3-3-203?
 2. If so, does the State of Arkansas have any other authority to seize and suspend the drivers licenses of minors charged with possession of alcohol?
 3. Is violation of Arkansas Code Section 3-3-203
now classified as a "misdemeanor" or merely as a "violation?"
 4. Do law enforcement officers have authority to make arrests, as opposed to issuance of citations to appear in court, for non-felony non-misdemeanor violations?
RESPONSE
In my opinion, in response to your first question, the answer is "No." In light of my answer to your first question, the second question posed is moot. In my opinion, with respect to your third question, a violation of A.C.A. § 3-3-203 (Supp. 2005) is properly classified a "violation." In my opinion, in response to your fourth question, *Page 2 
a law enforcement officer may arrest an individual committing a criminal violation in the officer's presence even if the penalty for such a criminal act does not include a length of imprisonment.
Question One: Did Act 1994 of the Regular Session of 2005 reverse thechanges made by Act 1535 of the Regular Session of 2005 with regard toArkansas Code Section 3-3-203?
In my opinion, Act 1994 of 2005 acted as a non-amendatory re-enactment of those portions of A.C.A. § 3-3-203 it merely repeated and the amendments made by Act 1535 of 2005 are valid enactments of the General Assembly of the State of Arkansas.
Act 1535 of 2005 amended A.C.A. § 3-3-203 as follows:
 (a)(1) It shall be unlawful for any person under the age of twenty-one (21) years to purchase or have in possession any intoxicating liquor, wine, or beer.
 (2) For the purposes of this section, intoxicating liquor, wine, or beer in the body of a minor shall not be deemed to be in his possession.
 (b) It shall also be unlawful for any adult to purchase on behalf of a person under the age of twenty-one (21) years any intoxicating liquor, wine, or beer.
 (c)(1) Any person violating this section shall be deemed is guilty of a misdemeanor and upon conviction shall be subject to a fine of not less than one hundred dollars ($100) nor more than five hundred dollars ($500).
 (2) In addition to the fine authorized by subdivision (c)(1) of this section, at the time of arrest for violation of the provisions of subsection (a) of this section, the arrested person shall immediately surrender his or her license, permit, or other evidence of driving privilege to the arresting law enforcement officer as provided in § 5-65-402. *Page 3 
 (3) The Office of Driver Services of the Revenue Division of the Department of Finance and Administration or its designated official shall suspend or revoke the driving privilege of an arrested person or shall suspend any nonresident driving privilege of an arrested person, as provided in § 5-65-402. The period of suspension or revocation shall be based on the offense that caused the surrender of the arrested person's license, permit, or other evidence of driving privilege as described in subdivision (c)(2) of this section and the number of any previous offenses as follows:
 (A) Suspension for sixty (60) days for a first offense under subsection (a) of this section;
 (B) Suspension for one hundred twenty (120) days for a second offense under subsection (a) of this section; and
 (C) Suspension for one (1) year for a third or subsequent offense under subsection (a) of this section.
 (4) In order to determine the number of previous offenses to consider when suspending or revoking the arrested person's driving privileges, the office shall consider as a previous offense any convictions under subsection (a) of this section which occurred both prior to or after the effective date of this subsection (c).
 (d) In addition to the penalty penalties herein provided, the trial judge or magistrate may impose the following penalty or penalties or any combination thereof:
 (1) Requiring persons under the age of twenty-one (21) years to write themes or essays on intoxicating liquors, wine, or beer; or
 (2) Placement of a person under the age of twenty-one (21) years under probationary conditions as determined by the court in its reasonable discretion designed as a reasonable and suitable *Page 4 
preventive and educational safeguard to prevent future violations of this section by the person.
Id. at § 1.[1] This Act was signed by the Governor on April 5, 2005 and did not contain an emergency clause.
Act 1994 of 2005, the Arkansas Criminal Code Revision Commission's omnibus revision bill, amended the same statute, A.C.A. § 3-3-203, to read as follows:
 (a)(1) It shall be unlawful for any person under the age of twenty-one (21) years to purchase or have in possession any intoxicating liquor, wine, or beer.
 (2) For the purposes of this section, intoxicating liquor, wine, or beer in the body of a minor shall not be deemed to be in his possession.
 (b) It shall also be unlawful for any adult to purchase on behalf of a person under the age of twenty-one (21) years any intoxicating liquor, wine, or beer.
 (c) Any person violating this section shall be deemed guilty of a misdemeanor violation and upon conviction shall be subject to a fine of not less than one hundred dollars ($100) nor more than five hundred dollars ($500).
 (d) In addition to the penalty herein provided, the trial judge or magistrate may impose the following penalty or penalties or any combination thereof:
 (1) Requiring persons under the age of twenty-one (21) years to write themes or essays on intoxicating liquors, wine, or beer; and
 (2) Placement of a person under the age of twenty-one (21) years under probationary conditions as determined by the court in its *Page 5 
reasonable discretion designed as a reasonable and suitable preventive and educational safeguard to prevent future violations of this section by the person.
Id. at § 28. Act 1994 was signed by the Governor on April 11, 2005 and did not contain an emergency clause.
The question posed is whether the failure of Act 1994 to include the language added to A.C.A. § 3-3-203 by Act 1535 impliedly repealed that language. In my opinion, it did not.
One of the primary rules of statutory construction is that if two acts are passed during the same legislative session and address the same subject, they should be read harmoniously so that both can be given effect if possible. See generally Sargent v. Cole, 269 Ark. 121,598 S.W.2d 749 (1980); see also Op. Att'y Gen. 2007-029. Indeed, the presumption is that two acts passed during the same session that address the same subject were actuated by the same policy and that both were intended to be given effect. See, e.g., Adams v. Arthur, 333 Ark. 53,969 S.W.2d 598 (1998); Horn v. White, 225 Ark. 540, 284 S.W.2d 122
(1955); see also Sutherland on Statutory Construction, § 23.17 (5th Ed., 1993). I acknowledge that under another rule of statutory construction, if two conflicting acts are passed during the same legislative session, the one passed later in time will take precedence. Adams,supra. However, the Arkansas Supreme Court has held that this latter rule must yield to the former one in order to effectuate legislative intent. Horn, supra. Moreover, the court has held that if two acts that are passed at the same legislative session contain conflicting clauses, the whole record of legislation will be examined to ascertain the legislative intent, and such intent, if ascertained, will be given effect, regardless of priority of enactment. Id.
In addition, with respect to such statutes, A.C.A. § 1-2-207(b) (Supp. 2007) provides:
 (b)(1) When more than one (1) act concerning the same subject matter is enacted by the General Assembly during the same session, whether or not specifically amending the same sections of the Arkansas Code or an uncodified act, all of the enactments shall be given effect except to the extent of irreconcilable conflicts in which case the conflicting provision of the last enactment shall prevail. *Page 6 
 (2) The last enactment is the one which the Governor signed last or if the Governor does not sign one of the acts then the last enactment is the act which was last voted on by either house of the General Assembly.
This statute specifically dictates that "all of the enactments shall be given effect except to the extent of irreconcilable conflicts . . ."I d . In determining to what extent there are any irreconcilable conflicts," it is important to note that in Citizens to Establish aReform Party v. Priest, 325 Ark. 257, 265, 926 S.W.2d 432 (1996), the court held that "[w]hen an act amends the law, portions of the law that were not amended but simply retained are not thought of as new enactments." Additionally, the amendments made by both Act 1535 and Act 1994 are incorporated into A.C.A. § 3-3-203 in the 2007 Supplement of the Arkansas Code.
Act 1994 of 2005 was a comprehensive general bill, containing 526 sections adopted to clarify the criminal statutes throughout the Arkansas Code. It changed only the word "misdemeanor" to "violation" simply retaining the remainder of the language in A.C.A. § 3-3-203. In contrast, Act 1535 deals almost entirely with A.C.A. § 3-3-203 and the penalties for underage alcohol possession. All conflicting statutes, and enactments, must be read harmoniously if at all possible. I am bolstered in my conclusion by the amendments of both acts being incorporated into A.C.A. § 3-3-203 in the 2007 Supplement. In this instance, in my opinion, a court would easily harmonize the allegedly conflicting enactments by applying both amendments to A.C.A. § 3-3-203.Question Two: If so, does the State of Arkansas have any other authorityto seize and suspend the drivers license of minors charged withpossession of alcohol? In light of my answer to Question One, that Act 1994 of 2005 did not repeal Act 1535 of 2005, this question is moot.
Question Three: Is violation of Arkansas Code Section 3-3-203 nowclassified as a "misdemeanor" or merely as a "violation?"
As noted in response to Question One, in my opinion the provisions of Act 1994 of 2005 which state that it is a "violation" to transgress the prohibition of A.C.A. § 3- *Page 7 
3-203 should be given effect. Although Act 1535 of 2005 retains the language making the conduct a misdemeanor, this portion of Act 1535 is clearly in conflict with the later Act 1994. The offense in A.C.A. § 3-3-203 would be only a violation, regardless of its designation, because a fine and civil penalty are the only authorized punishments. A.C.A. § 5-1-108(b) (Repl. 2006).
Question Four: Do law enforcement officers have authority to makearrests, as opposed to issuance of citations to appear in court, fornon-felony non-misdemeanor violations?
Yes.
The Supreme Court of the United States has specifically held that it is not an unreasonable seizure to arrest an individual who is guilty of a crime that is punishable by citation and carries no jail time.Atwater v. City of Lago Vista, 523 U.S. 318 (2001). Specifically, the Court stated "The question is whether the Fourth Amendment forbids a warrantless arrest for a minor criminal offense, such as a misdemeanor seatbelt violation punishable only by a fine. We hold that it does not."Id. at 323. Furthermore, Rule 4.1 of the Arkansas Rules of Criminal Procedure states in pertinent part:
 (a) A law enforcement officer may arrest a person without a warrant if:
 * * * (iii) the officer has reasonable cause to believe that such person has committed any violation of law in the officer's presence[.]
Id. (emphasis added). The plain and ordinary meaning of "any violation" would include felonies, misdemeanors, and violations under the criminal statutes of the State of Arkansas. Pursuant to Supreme Court precedent and the extant Rules of Criminal Procedure, a law enforcement officer is authorized to make an arrest for any violation of the law committed in his presence. *Page 8 
Assistant Attorney General Joel DiPippa prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
[1] Underlined items are new language while stricken language will be deleted. *Page 1